BRYAN J. McCORMACK, Bar No. 192418
 Email: *bryan@mcelawfirm.com*
MCCORMACK AND ERLICH, LLP
150 Post Street, Suite #742
San Francisco, CA 94108
Tel:    (415) 296-8420
Fax:   (415) 296-8552

Attorney for Plaintiff KRISTINE LEGASPI

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTINE LEGASPI, <br><br> Plaintiff, <br><br> vs. <br><br> SSC CARMICHAEL OPERATING COMPANY LP; SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; SAVASENIORCARE, LLC, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR DAMAGES <br> (1) VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT (CFRA) <br> (2) VIOLATION OF FAMILY MEDICAL LEAVE ACT (FMLA) <br> (3) FAILURE TO PAY WAGES IN VIOLATION OF LABOR CODE §§ 233 AND 234 (KIN CARE) <br> (4) EMPLOYMENT DISCRIMINATION AND RETALIATION IN VIOLATION OF LABOR CODE <br> (5) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY <br> (6) FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF LABOR CODE § 226.7 <br> (7) FAILURE TO PROVIDE MEAL BREAKS IN VIOLATION OF LABOR CODE § 226.7 <br> (8) FAILURE TO PAY WAGES IN VIOLATION OF LABOR CODE <br> (9) PENALTIES PURSUANT TO PRIVATE ATTORNEY GENERAL ACT (LABOR CODE SECTIONS 2699) |

- 1 -

COMPLAINT FOR DAMAGES
LEGASPI V. SSC CARMICHAEL OPERATING COMPANY LP, ET AL.

COMES NOW PLAINTIFF KRISTINE LEGASPI (hereinafter "Plaintiff") and alleges as follows:

**GENERAL ALLEGATIONS**

1. SSC Carmichael Operating Company LP is a registered Delaware limited partnership doing business in the State of California as "Mission Carmichael"

2. Defendant SavaSeniorCare, LLC is a registered Delaware limited liability corporation that owns, operates and manages seven residential care and rehabilitation facilities in California, including Mission Carmichael in Sacramento and Courtyard Care Center in San Jose, and more than 200 facilities in the United States. SavaSeniorCare, LLC holds itself out as one of the largest short-term and long-term health care services in the United States. Sava Senior Care, LLC's principal place of business is in Atlanta, Georgia.

3. Defendant SavaSeniorCare Administrative Services, LLC is a registered Delaware limited liability corporation that provides various administrative services, including human resources and payroll, to SavaSeniorCare, LLC's numerous entities throughout the United States, including Mission Carmichael, where Plaintiff worked. In return, SavaSeniorCare Administrative Services, LLC receives a percentage of the net revenue generated by the facilities. SavaSeniorCare Administrative Services, LLC's principal place of business is in Atlanta, Georgia.

4. Plaintiff alleges on information and belief that SavaSeniorCare, LLC and SavaSeniorCare Administrative Services, LLC make and approve key decisions concerning the day-to-day operations of SSC Carmichael Operating Company LP, such as staffing levels, employee hiring and firing, budgets and related issues, of SSC Carmichael Operating Company LP. Such decisions and directives are made at the direction of and/or for the benefit of the Sava Defendants.

5. SSC Carmichael Operating Company LP has no website of its own. Rather, it is included on a list of Sava facilities on www.savasc.com.

6. At all times relevant to this complaint, Plaintiff was jointly employed by SSC Carmichael Operating Company LP; SavaSeniorCare, LLC; SavaSeniorCare Administrative Services, LLC (hereinafter collectively referred to as "Sava" or "Defendants.")

- 2 -

COMPLAINT FOR DAMAGES
LEGASPI V. SSC CARMICHAEL OPERATING COMPANY LP, ET AL.

7. Upon information and belief, because of their interrelations of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single entity and/or joint employer for purposes of the instant action.

8. Plaintiff is informed and believes, and based on such information and belief alleges, that at all times herein mentioned, each of the defendants named herein was the agent and employee of the remaining defendants and was acting within the course and scope of said agency and employment.

## JURISDICTION AND VENUE

9. Plaintiff brings this action under the Family and Medical Leave Act, 29 U.S.C. § 2601 (hereafter "FMLA").

10. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 over civil actions arising under the Constitution, laws or treaties of the United States.

11. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) over civil actions arising between citizens of different states.

12. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391(d) because Defendants conduct business in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

13. On February 28, 2018, Ms. Legaspi filed a complaint against Defendants for violation of the California Family Rights Act with the Department of Fair Employment and Housing.

14. On February 28, 2018, Ms. Legaspi received a right to sue notice from the Department of Fair Employment and Housing.

## FACTUAL ALLEGATIONS

15. On or about May 12, 2015, Sava hired Ms. Legaspi as a Certified Nursing Assistant and paid her $14.45 per hour. Ms. Legaspi worked in Sava's "Mission Carmichael Healthcare" facility, located in Carmichael, California.

COMPLAINT FOR DAMAGES
LEGASPI V. SSC CARMICHAEL OPERATING COMPANY LP, ET AL.

16. On or about May 28, 2015, Sava promoted Ms. Legaspi to the position of Restorative Assistant and increased her hourly rate to $17.45 per hour. In this position, her primary duty was to assist the physical therapists in providing physical therapy to Sava's clients. In or about October 2016, Sava increased her pay rate to $17.97 per hour.

17. During Ms. Legaspi's employment, Sava did not provide Ms. Legaspi with meal breaks and rest breaks as required under California law. Sava deducted 30 minutes for meal breaks that she did not take, routinely interrupted Ms. Legaspi during her meal and rest breaks, and typically did not provide her with two rest breaks per day as required under California law. Ms. Legaspi complained to Sava management that this policy was illegal, but they did nothing in response.

18. In approximately late July or early August 2017, Ms. Legaspi informed Sava's Human Resources Manager that she worked in excess of 40 hours in a week, but was not paid overtime compensation. In response, Sava's Human Resources Manager informed her that Sava does not pay overtime to employees who work more than 40 hours per week, but instead pays overtime when employees exceed 80 hours in a pay period. Ms. Legaspi informed her that it was against California law to refuse to pay overtime compensation for hours worked over 40 per week and that she would file a claim with the Labor Board.

19. Ms. Legaspi used her accrued Paid Time Off ("PTO") days in 2017 due to various illnesses of herself and her three-year old son. In most instances, she provided medical notes excusing her absences. Despite such, her manager informed her that if she called in sick on seven or more occasions in a 12-month period – regardless of whether the absences were excused or whether she had accrued PTO – she would be terminated.

20. Sava's employee handbook provides: "Doctor's statements or any absences not approved in advance will not be accepted as a scheduled absence and will be considered an occurrence under the Company's Attendance and Records policy." The employee handbook further provides that seven occurrences of absence in a 12-month period will result in termination.

21. Ms. Legaspi complained to her manager and the Human Resources Manager that Sava's medical leave policy was illegal, but Sava did nothing in response.

22. On or about August 1, 2017, Ms. Legaspi's manager told her that she would be fired if she missed one more day of work, regardless of whether it was an excused absence. Ms. Legaspi complained to her manager that Sava's medical leave policy was unlawful and told her that her son was suffering from a serious illness that required ongoing medical treatment. Her manager replied, "We all have kids and your son is becoming a problem with your attendance."

23. On or about August 3, 2017, Ms. Legaspi filed an online wage complaint with the Labor Commissioner and subsequently informed Sava that she filed the claim.

24. On or about September 6, 2017, Ms. Legaspi's son became seriously ill. Ms. Legaspi notified Sava that she was unable to come to work that day due to her son's illness and that she would provide Sava with a doctor's note. In response, Sava suspended her employment.

25. Ms. Legaspi complained to Sava's administrator about the suspension and informed him that she had accrued PTO hours to cover the absence and would provide a doctor's note for her son's illness. The administrator told Ms. Legaspi that Sava suspended her because she had exceeded seven absences in a 12-month period. Ms. Legaspi told the administrator that the Labor Board (Labor Commissioner) told her that Sava's medical leave policy and overtime policy was illegal. The Administrator replied, "The Labor Board does not make rules for Mission Carmichael."

26. On September 8, 2017, shortly after her complaints, Sava terminated Ms. Legaspi's employment.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION AND RETALIATION IN VIOLATION**
**OF THE CALIFORNIA FAMILY RIGHTS ACT**
**Cal. Gov. Code § 12945.2(l)**

27. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

28. Government Code § 12945.2(l) makes it an unlawful employment practice for an "employer to . . . discharge . . . or discriminate against, any individual because of . . . an individual's exercise of the right to family care and medical leave." At all times relevant herein, Plaintiff was entitled to take up to 12 weeks of family medical leave in any 12 month period, as she had more than 12 months of service with Defendants and more than 1,250 hours of service in

the 12 month period preceding the need for family and medical leave, as required by California Government Code § 12945.2(a).

29. Plaintiff required family medical leave, as more fully set forth in the preceding paragraphs of this complaint, for her family's serious health condition. Specifically, Ms. Legaspi's three year-old son suffered from viral gastroenteritis and strep pharyngitis, which required ongoing medical treatment and resulted in Ms. Legaspi missing several days of work. Plaintiff provided Defendants with the appropriate notice necessary to invoke her CFRA rights and to request CFRA-protected leave.

30. Defendants discriminated and retaliated against Plaintiff by terminating her employment for taking protected medical leave in violation of the rights protected by CFRA.

31. As a direct and proximate result of said wrongful conduct by defendant, Plaintiff has been injured as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### Second Cause of Action
**DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. § 2615**

32. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

33. The Family and Medical Leave Act at 29 U.S.C. § 2615 makes it an unlawful employment practice for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any [medical leave] right" or because the employee opposed the unlawful employment practice.

34. At all times relevant herein, Plaintiff was entitled to take up to 12 weeks of family care and medical leave in any 12 month period, having more than 12 months of service with defendant and more than 1,250 hours of service in the 12 month period preceding the need for family care and medical leave, as required by 26 U.S.C. § 2611.

35. Plaintiff required family medical leave, as more fully set forth in the preceding paragraphs of this complaint, for her family's serious health condition. Specifically, Ms. Legaspi's three year-old son suffered from viral gastroenteritis and strep pharyngitis, which required ongoing medical treatment and resulted in Ms. Legaspi missing several days of work. Plaintiff provided

- 6 -

COMPLAINT FOR DAMAGES
LEGASPI V. SSC CARMICHAEL OPERATING COMPANY LP, ET AL.

Defendants with the appropriate notice necessary to invoke her FMLA rights and to request FMLA-protected leave.

36. Defendants discriminated and retaliated against Plaintiff by terminating her employment for taking protected medical leave in violation of the rights protected by FMLA.

37. As a direct and proximate result of said wrongful conduct by defendant, Plaintiff has been injured as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### Third Cause of Action
**PENALTIES PURSUANT TO VIOLATION OF LABOR CODES 233 AND 234 (KIN CARE)**

38. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

39. California Labor Code Section 233(c) that "[a]n employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5."

40. California Labor Code Section 234 provides that "[a]n employer's absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of Section 233.  An employee working under this policy is entitled to appropriate legal and equitable relief pursuant to Section 233."

41. Defendants violated Section 233 by disciplining and suspending Plaintiff for taking sick leave to care for her sick child, and ultimately terminating her employment for taking such sick time.

42. As a direct and proximate result of said wrongful conduct by defendant, Plaintiff has been injured as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

///

///

- 7 -

### FOURTH CAUSE OF ACTION
### EMPLOYMENT DISCRIMINATION AND RETALIATION IN VIOLATION OF LABOR CODE SECTIONS 98.6 AND 1102.5

43. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44. Under Labor Code section 98.6, an employer may not discriminate or retaliate against an employee who complains about an employer's violations of the Labor Code and/or an employer's unlawful wage practices.

45. Under California Labor Code section 1102.5(b), an employer may not retaliate against an employee who discloses information, "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

46. Defendants wrongfully and unlawfully retaliated against Plaintiff for complaining about Defendants' unlawful employment practices, as described above. At the time Plaintiff made the complaints, Plaintiff had reasonable cause to believe her complaints concerned a violation of state or federal law or regulations.

47. Defendants' unlawful practices as outlined herein were in direct contravention of Labor Code Sections 98.6 and 1102.5(b), as more fully set forth in the preceding paragraphs of this complaint.

48. As a direct and proximate result of said wrongful conduct by defendant, Plaintiff has been injured as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### FIFTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

49. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

50. Defendants' termination of Plaintiff's employment contravened the well-established, fundamental, and substantial public policy of the laws of the United States and California law, as embodied in Labor Code Sections 98.6 and 1102.5 and California common law, that an employer

- 8 -

COMPLAINT FOR DAMAGES
LEGASPI V. SSC CARMICHAEL OPERATING COMPANY LP, ET AL.

may not retaliate against an employee for the employee's disclosure of reasonably based suspicions of violations of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

51. Defendants' conduct also violated other well-established, fundamental, and substantial public policies of the State of California, including but not limited to Labor Code Sections 233, 234, 246.5 and Government Code Section 12945.2(l), which prohibit discrimination and retaliation against an employee who exercises her right to family care and medical leave and accrued sick leave.

52. Defendants wrongfully and unlawfully imposed adverse employment actions upon Plaintiff because of her complaints about Defendants' unlawful activity and terminated Plaintiff's employment because of her complaints and because Plaintiff took time off to care for herself and her sick child.

53. Defendants' unlawful practices as outlined herein were in direct contravention of fundamental public policies, as more fully set forth in the preceding paragraphs of this complaint.

54. As a direct and proximate result of said wrongful conduct by defendant, Plaintiff has been injured as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### Sixth Cause of Action
**FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF CAL. LABOR CODE § 226.7**

55. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

56. During Plaintiff's employment with Defendants, Plaintiff was not able to take uninterrupted rest breaks on most working days.

57. California Labor Code § 226.7 prohibits employers from requiring employees to work during any rest period mandated by the IWC Wage Orders.  Section 226.7 also establishes a penalty if an employer fails to provide employees a required rest period.

58. By their failure to provide Plaintiff with a paid 10-minute rest periods for every four (4) hours or major fraction thereof worked per day, and failing to provide premium pay compensation for such un-provided rest periods, as alleged above, Defendants willfully violated

the provisions of Labor Code § 226.7 and the applicable IWC Wage Order.

59. As a proximate result of the unlawful acts of Defendants, Plaintiff have been deprived of premium wages in an amount unknown at this time, but which will be shown according to proof at the time of trial. Further, Plaintiff is entitled by statute to recover her reasonable attorneys' fees, costs of suit, and interest and penalties on the unpaid amounts pursuant to Labor Code §§ 218.5, 226.7, 1194 and the applicable IWC Wage Order.

**Seventh Cause of Action**
**FAILURE TO PROVIDE MEAL PERIODS**
**IN VIOLATION OF CAL. LABOR CODE §§ 226.7, 512**

60. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

61. During Plaintiff's employment with Defendants, Plaintiff was not able to take uninterrupted meal breaks on most working days.

62. By their failure to provide plaintiff minimum 30-minute meal periods for days on which plaintiff worked in excess of five (5) hours, and failing to provide premium compensation in lieu thereof, Defendants willfully violated the provisions of Labor Code § 512 and the applicable IWC Wage Order.

63. As a proximate result of the unlawful acts of Defendants, Plaintiff has been deprived of premium wages in an amount unknown at this time, but which will be shown according to proof at the time of trial. Further, Plaintiff is entitled by statute to recover her reasonable attorneys' fees, costs of suit, and interest and penalties on the unpaid amounts pursuant to Labor Code §§ 218, 226.7, 1194 and the applicable IWC Wage Order.

**Eighth Cause of Action**
**FAILURE TO PAY WAGES**
**IN VIOLATION OF CAL. LABOR CODE §§ 201, 203, 218.5, 510, 558, AND 1194**

64. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

65. Section 510 of the California Labor Code and the applicable IWC Wage Order require an employer to pay their non-exempt employees for all hours worked at an hourly rate of one-and-a-half times their normal hourly rate for any time worked in excess of eight hours (and up to 12 hours in a day) and for all hours worked in excess of 40 hours in a work week.

66. By their failure to pay overtime compensation and other wages, as alleged above,

- 10 -

Defendants have violated and continue to violate the provisions the California Labor Code including but not limited to sections 510, 558, and 1194, and continue to violate the applicable IWC Wage Orders, which require the payment of overtime compensation to non-exempt employees, and the payment of all wages due at the time of termination of employment.

67. Labor Code § 201 requires that if an employer "discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code § 203 authorizes an employee to sue for penalties in an amount equal to the former employee's daily wages for up to thirty (30) days if an employer willfully failed to pay any wages due to the employee at the time of separation from employment (or within 72 hours if the employee tenders a resignation).

68. As noted in the preceding paragraphs, Defendants failed to pay Plaintiff all of the wages and benefits, including wages, overtime, rest, and meal periods (or compensation in lieu thereof) to which he was entitled at the time of her employment separation. Defendants failure to pay Plaintiff wages was willful in nature as set forth in the applicable authority governing Labor Code § 203, and warrants the imposition of thirty-day wage penalty.

69. In addition, Plaintiff is entitled by statute to recover reasonable attorneys' fees, costs of suit, and interest and penalties on the unpaid amounts pursuant to Labor Code §§ 218.5 and 1194.

### Ninth Cause of Action
**PENALTIES PURSUANT TO THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004
Labor Code 2699**

70. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

71. California Labor Code section 2699 ["PAGA"] provides in relevant part that: "Notwithstanding any other provisions of law, any provision of [the California Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ["LWDA"] or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of [the Labor Code], may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees….(e) For all provisions of this code except those for which a civil penalty is

- 11 -

COMPLAINT FOR DAMAGES
LEGASPI V. SSC CARMICHAEL OPERATING COMPANY LP, ET AL.

1  specifically provided, there is established a civil penalty for a violation of these provisions, as
2  follows: ….(2) If at the time of the alleged violation, the person employs one or more employees,
3  the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the
4  initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for
5  each subsequent violation.

6      72.    California Labor Code section 246.5, subdivision (c)(1) provides that "[a]n
7  employer shall not deny an employee the right to use accrued sick days, discharge, threaten to
8  discharge, demote, suspend, or in any manner discriminate against an employee for using accrued
9  sick days, attempting to exercise the right to use accrued sick days, filing a complaint with the
10 department or alleging a violation of this article …"  Section 246.5, subdivision (c)(2) provides
11 that "[t]here shall be a rebuttable presumption of unlawful retaliation if an employer denies an
12 employee the right to use accrued sick days, discharges, threatens to discharge, suspends, or in any
13 manner discriminates against an employee within 30 days of the following: (A) The filing of a
14 complaint by the employee with the Labor Commissioner or alleging a violation of this article; (B)
15 The cooperation of an employee with an investigation or prosecution of an alleged violation of this
16 article; or (C) Opposition by the employee to a policy, practice, or act that is prohibited by this
17 article."  In addition to other penalties, an administrative penalty of $4,000 may be awarded.

18      73.    Defendants wrongfully and unlawfully retaliated against Plaintiff for using accrued
19 sick leave.  Defendants also disciplined Plaintiff for missing work even when she provided
20 doctor's notes excusing the absence.  Plaintiff complained about Defendants unlawful sick leave
21 policy to Defendants and to the Labor Commissioner, and in retaliation for her complaints and for
22 taking sick time, Defendants terminated Plaintiff's employment.

23      74.    Plaintiff is an "aggrieved employee" against whom one or more of the violations
24 alleged hereinabove was committed and may maintain a civil action to recover civil penalties for
25 Labor Code violations on behalf of herself and other current or former employees against whom
26 one or more of the alleged violations was committed." (Lab. Code §§ 2699(c), (g)(1).)

27      75.    On or about October 17, 2017, Plaintiff submitted a certified letter to the LWDA
28 and Defendants, detailing Plaintiff's allegations against Defendants as more particularly alleged

- 12 -

COMPLAINT FOR DAMAGES
LEGASPI V. SSC CARMICHAEL OPERATING COMPANY LP, ET AL.

herein. Pursuant to PAGA requirements, Plaintiff also submitted an online claim to the LWDA.

76. The LWDA has not responded to the notice provided to it within the statutory time period and has expressed no indication that it intended to investigate the allegations raised therein.

77. Plaintiff seeks penalties for Defendants' conduct as alleged herein as permitted by law, including penalties under Labor Code section 2699(a) for Defendants' retaliatory actions against Plaintiff in violation of sections 98.6, 233, 234, 246.5, and 1102.5.

78. Pursuant to Labor Code section 2699(a), Plaintiff seeks to recover civil penalties, as otherwise provided by statute, for which defendants are liable as a result of their violations of, inter alia, the following Labor Code sections in an amount to be proven at trial; for violations of Labor Code sections 246.5; all in amounts to be proven at trial.

79. WHEREFORE, Plaintiff requests relief as described below.

## **DAMAGES**

80. As a direct and proximate cause of Defendants' unlawful acts as set forth in this Complaint, Plaintiff has suffered and continues to suffer special damages including, but not limited to substantial losses in earnings, future earnings, deferred compensation, and other employment benefits, all in an amount within the jurisdiction of this court, according to proof at time of trial.

81. As a direct and proximate cause of Defendants' unlawful acts as set forth in this Complaint, Plaintiff has suffered and continues to suffer humiliation, mental anguish, emotional and physical distress, and has been injured in mind and body, all in an amount within the jurisdiction of this court, according to proof at trial.

82. The acts and omissions of Defendants, and each of them, have caused and will continue to cause irreparable harm to Plaintiff.  Plaintiff has no immediate, adequate or speedy remedy at law to redress the continuing retaliatory policies and practices of defendant employer, and therefore seek affirmative and injunctive relief as follows:

   a. For an injunction restraining Defendants, and each of them, from continuing or maintaining any policy, practice, custom or usage which is retaliatory in nature against any employee making a complaint when such employee reasonably believes that a violation of state or federal law is being committed;

- 13 -

COMPLAINT FOR DAMAGES
LEGASPI V. SSC CARMICHAEL OPERATING COMPANY LP, ET AL.

   b.  For an injunction restraining Defendants, along with their supervising employees, agents, and all those subject to their control or acting in concert with them, from causing, encouraging, condoning or permitting the practice of retaliation and willful violation of state or federal law;

   c.  For affirmative relief requiring Defendants to develop clear and effective policies and procedures for employees complaining of retaliation, so they may have their complaints promptly and thoroughly investigated (by a neutral fact finder) and informal as well as formal processes for hearing, adjudication and appeal of the complaints; and

   d.  For affirmative relief requiring Defendants to develop appropriate sanctions or disciplinary measures for supervisors or other employees who are found to have committed retaliatory acts, including warnings to the offending person and notations in that person's employment record for reference in the event future complaints are directed against that person, and dismissal where other measures fail.

83. Each defendant named in this complaint committed the acts alleged here maliciously, fraudulently, and oppressively, with a wrongful intent to harm Plaintiff, from an evil motive amounting to malice, and with a conscious disregard for his right to be free from discrimination.  Further, the conduct outlined in this complaint was authorized or ratified, or both, by an owner, officer, director, or managing agent of each named defendant.  Plaintiff is entitled to receive an award of punitive damages from each defendant in an amount according to proof because of defendants' willful, knowing, and intentional acts against Plaintiff.

84. As a result of Defendants' wrongful and unlawful employment practices as set forth in the preceding paragraphs of this complaint, Plaintiff is entitled to receive an award of statutory attorneys' fees and costs under California Government Code § 12965 and any other appropriate statute or law which provides for attorneys' fees, including but not limited to Labor Code § 218.5, 233(e), 1194, 2699, and hereby requests recovery of his attorneys' fees and costs of suit in an amount according to proof.

///

COMPLAINT FOR DAMAGES
LEGASPI V. SSC CARMICHAEL OPERATING COMPANY LP, ET AL.

# PRAYER

**Wherefore**, Plaintiff prays for judgment against each defendant as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. For a money judgment for mental pain and anguish and emotional distress, according to proof;

3. For an award of punitive damages, according to proof;

4. For unpaid wages, overtime compensation, waiting time penalties, rest period penalties, meal period penalties, and other applicable penalties;

5. For an award of appropriate attorneys' fees and costs associated with this lawsuit pursuant to Labor Code § 218.5, 233(e), 1194, 2699; California Government Code § 12965(b); Code of Civil Procedure § 1021.5 and any other applicable law;

6. For an awarded of penalties pursuant to Labor Code sections 2699 *et seq*.

7. For costs of suit;

8. For prejudgment and post-judgment interest;

9. For any other relief that is just and proper.

# JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues, except for attorneys' fees and costs.

Date: March 2, 2018                    MCCORMACK AND ERLICH, LLP

                                       /s/ *Bryan J. McCormack*
                                       _____
                                       By: Bryan J. McCormack, Esq.

- 15 -

COMPLAINT FOR DAMAGES
LEGASPI V. SSC CARMICHAEL OPERATING COMPANY LP, ET AL.